

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00249-CV

In the Interest of **C.W.**, a Child

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2016PA02259
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:      Karen Angelini, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Karen Angelini, Justice
                 Marialyn Barnard, Justice

Delivered and Filed:  September 19, 2018

AFFIRMED

This is an appeal from a final order terminating Ana's[1] parental rights to her fourteen-year-old child. In two issues, Ana argues the evidence is legally and factually insufficient to support the trial court's findings. We affirm.

### BACKGROUND

The Department of Family and Protective Services filed a petition to terminate Ana's parental rights. After a bench trial, the trial court terminated Ana's parental rights based on section 161.003(a) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.003(a) (West Supp. 2017) (mental illness or deficiency). Alternatively, the trial court terminated Ana's parental rights based

---

[1] We refer to the parent by a fictitious name to protect the child's identity. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2017); TEX. R. APP. P. 9.8.

on (D), (N), and (O) of section 161.001(b)(1) of the Texas Family Code. *See id.* § 161.001(b)(1)(D) (dangerous surroundings or conditions), (N) (constructive abandonment), (O) (failure to comply with a court-ordered plan for return of the child). The trial court also found that termination was in the child's best interest. *See id.* §§ 161.003(a)(5), 161.001(b)(2). Ana appealed.

## DISCUSSION

Under section 161.001(b) of the Texas Family Code, an order terminating parental rights must be supported by clear and convincing evidence that (1) the parent has committed one of the statutory grounds for involuntary termination as listed in the statute, and (2) terminating parental rights is in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b); *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002). Only one statutory ground is necessary to support a judgment terminating parental rights when there is also a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).

### 1. *Statutory Ground—Non-Compliance with Court-Ordered Service Plan*

In her first issue, Ana argues the evidence is legally and factually insufficient to support the trial court's findings as to the previously-mentioned statutory grounds. Because only one statutory ground is necessary to support a judgment terminating parental rights, we must overrule this issue if the evidence is legally and factually sufficient to support any of the statutory grounds found by the trial court. *See id.* We review the legal and factual sufficiency of the evidence to support a statutory ground finding under the standards enunciated in *In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009).

In looking at the evidence in the light most favorable to the trial court's finding, we hold the trial court could have reasonably formed a firm belief or conviction that Ana failed to comply

with her court-ordered service plan.[2] *See id*.; TEX. FAM. CODE ANN. § 161.001(b)(1)(O). At trial, a caseworker testified that when the child came into the Department's care, the Department prepared a service plan for Ana to obtain reunification with the child. The record shows the trial court ordered Ana to comply with each requirement set out in the service plan. The caseworker further testified that the most important items in the service plan required Ana to obtain a mental health evaluation, to engage in parenting classes and individual counseling, and to establish a safe home environment for the child. The service plan also required Ana to provide the caseworker with documentation of her compliance. However, Ana did not provide the caseworker any documentation showing that she had completed any of these requirements. We conclude the evidence is legally sufficient to support the trial court's finding that Ana failed to comply with her court-ordered service plan.

The caseworker's testimony about Ana's failure to comply with the court-ordered service plan was undisputed. Therefore, in considering the entire record, we conclude the evidence is factually sufficient to support the trial court's finding that Ana failed to comply with her court-ordered service plan. *See In re J.O.A.*, 283 S.W.3d at 345. We overrule Ana's first issue.

### 2. *Best Interest of the Child*

In her second issue, Ana argues the evidence is legally and factually insufficient to support the trial court's finding that termination of parental rights was in the child's best interest. Under Texas law, there is a strong presumption that the child's best interest is served by keeping the child with a parent. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). In considering the child's best interest, a factfinder may consider the nonexclusive list of factors set forth by the Texas Supreme Court in

---

[2] The Department contends Ana has waived this issue by failing to challenge the (O) ground in the argument section of her brief. *See* TEX. R. APP. P. 38.1(i) (requiring an appellant's brief to provide a clear and concise argument for the contentions made). We address the merits of this issue despite any possible waiver for inadequate briefing.

*Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976). *See In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Further, section 263.307 of the Family Code lists factors to be considered in determining whether a parent is willing and able to provide the child with a safe environment. *See* TEX. FAM. CODE ANN. § 263.307 (West Supp. 2017). Finally, in determining whether termination of the parent-child relationship is in a child's best interest, a factfinder may judge a parent's future conduct by her past conduct. *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

Here, a Department caseworker and an ICU worker[3] were the only witnesses to testify at trial. Both witnesses were familiar with the case and had talked to the child multiple times. Their testimony was undisputed.

The caseworker testified that the Department became involved in this case because of allegations that the child was being sexually abused, specifically, that Ana was forcing the child to engage in prostitution. Additionally, the Department was concerned about the family's homelessness. Before the Department intervened, Ana, her boyfriend, and the child had been evicted from their apartment and moved into a homeless shelter. Ana's boyfriend had engaged in a physical altercation with the child, and they were all forced to leave the homeless shelter. Despite this incident, Ana did not separate from her boyfriend. Thereafter, Ana, her boyfriend, and the child relocated to San Antonio, where they remained homeless for two months. Local homeless shelters would not accept them because of the violent incident at the prior homeless shelter. At this time, the child was not enrolled in school.

The caseworker also testified that when the child first came into the Department's care, she was "very standoffish" and "apprehensive about developing a bond or have trust with any adult." The child was now in counseling and was benefiting from it. The child had not opened up

---

[3] Although not expressly stated, the record indicates that the ICU worker is a social worker.

completely about the sexual abuse and neglect she had experienced while in Ana's care. The only thing the child had said about the sexual abuse was that she would engage in friendships with older males to help her mother financially. The child had never confirmed that she was being "traffick[ed]" while in Ana's care, but she had said things indicating that this was the case. According to the caseworker, the child needed to continue with counseling. The child's current caregiver acknowledged this and was supportive of the child's need to continue with counseling.

The evidence also showed the child did not want to go back to live with her mother. The child had told both the Department caseworker and the ICU worker that she wished to remain in her current placement, which was a foster home, until she reached the age of maturity. The caseworker testified the child was now in high school, where she was catching up academically. The child was involved in a school activity that she enjoyed, and she was involved in her church. The child had developed a strong bond with her caregiver and her caregiver's family.

Additionally, the ICU worker testified that she had visited the child in her foster home and the child was very happy, relaxed, and talkative there. The child told the ICU worker that she would like to stay in her foster home because it is stable, and she does not have to wonder where her next meal is coming from. The child also stated that she feels comfortable in her foster home and in her school. The caregiver in the foster home had formed a bond and attachment with the child and was willing to continue to care for the child.

The caseworker testified that while the case was pending Ana had participated in two visits per month with the child and had been allowed to talk to the child on the phone. However, the Department stopped the phone conversations when Ana started reprimanding the child and talking to the child about the case. Thereafter, in an unauthorized phone conversation, Ana urged the child to tell the trial court that she wanted to be returned to Ana's care. After this phone call, the child

had a "breakdown," during which the child "started acting out" and "misbehaving with her caregiver" in her foster home. However, the child and her caregiver had resolved this problem.

Finally, the caseworker testified that he believed that Ana would pose a threat to the child if she were returned to Ana's care. The caseworker recommended that Ana's parental rights to the child be terminated because the parent-child relationship was "very toxic." The caseworker pointed out that Ana was not able to make rational decisions on behalf of the child, was not able to be protective of the child, and was not able to provide a safe and stable environment for the child.

Ana argues the evidence is insufficient to support the best interest finding because it does not show that Ana cannot provide for the child's physical and emotional needs now and in the future, and that Ana poses any emotional and physical danger to the child now and in the future. We disagree. Ana further argues the evidence is insufficient to support the best interest finding because earlier in the case the child told the caseworker she wanted to maintain a relationship with Ana, and because the child is receiving counseling from which she is benefitting and will continue to benefit. Again, we disagree.

Considering the evidence in the light most favorable to the trial court's finding, we hold that the trial court could have reasonably formed a firm belief or conviction that the termination of Ana's parental rights was in the child's best interest. *See In re J.O.A.*, 283 S.W.3d at 344-45. Therefore, we conclude the evidence is legally sufficient to support the trial court's finding that termination of Ana's parental rights was in the child's best interest. Additionally, after considering the entire record, we conclude the evidence is factually sufficient to support the trial court's finding that termination of Ana's parental rights was in the child's best interest. *See id.* at 345. We overrule Ana's second issue.

## CONCLUSION

The trial court's order terminating Ana's parental rights is affirmed.

Karen Angelini, Justice